```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


DWAYNE LACOSTE, SR. ET AL.                    CIVIL ACTION

VERSUS                                        NO: 07-2904

PILGRIM INTERNATIONAL, INC.,                  SECTION: "R"(1)
ET AL.
```

### ORDER AND REASONS

Defendant Lorillard Tobacco Company moves to dismiss plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs have not responded to the motion.

On or about April 16, 2005, Dwayne Lacoste, Sr. died in a fire that took place in his FEMA trailer. Plaintiffs, family members of the decedent, filed an action on April 13, 2007, naming ten defendants in their petition for damages. The named defendants are Pilgrim International, Inc., manufacturer of the trailer, Bell Automotive Products, Inc., manufacturer of an ashtray found in the trailer, Victor Products, Inc., seller of the ashtray, Invacare Corporation, manufacturer of the mattress in the trailer, Thompson Mills, manufacturer of the sheets on the

mattress, Universal Security Instruments, Inc., manufacturer of the fire alarms in the trailer, Ch2m Hill, Inc., installer and inspector of the trailer, two Unknown Employees of Ch2mHill, and finally, Lorillard Tobacco Company, manufacturer of cigarettes that plaintiff alleges were in the trailer near the above-mentioned ashtray. (R. Doc. 1-2, at ¶6).

Plaintiff alleges that the cigarettes manufactured by Lorillard "were defective in design because Lorillard knew how, but refused, to manufacture the cigarettes that did not have a propensity to easily ignite upholstery and carpet." (R. Doc. 1-2, at ¶¶ 16, 25).

Accepting all plaintiffs' well-pleaded facts as true and viewing the facts in the light most favorable to the plaintiff, the Court finds that dismissal is warranted. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Plaintiffs cannot prove any set of facts in support of their claim that would entitle them to relief against Lorillard under the Louisiana Products Liability Act, La. Rev. Stat. Ann. § 9:2800.52, *et seq.,* which governs this action. *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982).

For the foregoing reasons, defendant's Motion to Dismiss is GRANTED.

New Orleans, Louisiana, this <u>14th</u> day of September, 2007.

*Sarah Vance*

SARAH S. VANCE

UNITED STATES DISTRICT COURT